UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) | FILE NO. |
| Plaintiff, | )<br>) | |
| v. | )<br>) | CV414-046 |
| LA NOPALERA MEXICAN RESTAURANT #9,<br>INC.; JAVIER VALENCIA, an individual,<br>and FRANCISCO ESPINOZA, an individual, | )<br>)<br>)<br>) | |
| Defendants. | )<br>) | **COMPLAINT**<br>**(Injunctive Relief Sought)** |

Plaintiff brings this action pursuant to § 17 of the Act, 29 U.S.C. § 217, to have

Defendants La Nopalera Mexican Restaurant #9, Inc., and Javier Valencia, and Francisco

Espinoza enjoined from violating the provisions of §§ 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the

Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. (hereinafter "the Act");

and, pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), to recover unpaid minimum wage and

overtime compensation, together with an equal amount of liquidated damages.

I

This Court has jurisdiction over this action pursuant to §§ 16(c) and 17 of the Act

and 28 U.S.C. §§ 1331 and 1345.

II

A.      Defendant La Nopalera Mexican Restaurant #9, Inc., at all times hereinafter mentioned, has been a Georgia corporation having a place of business and doing business in Savannah, Chatham County, Georgia.

B.      Defendant Javier Valencia is an owner and manager of La Nopalera Mexican Restaurant #9, who is involved in the day-to-day operations and/or has some direct responsibility for the supervision of the employees.  Defendant Javier Valencia, doing business in Chatham County, Georgia, at all times hereinafter mentioned, acted directly or indirectly in the interest of the aforesaid Georgia corporation in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

C.      Defendant Francisco Espinoza is a manager of La Nopalera Mexican Restaurant #9, who is involved in the day-to-day operations and/or has some direct responsibility for the supervision of the employees.  Defendant Francisco Espinoza, doing business in Chatham County, Georgia, at all times hereinafter mentioned, acted directly or indirectly in the interest of the aforesaid Georgia corporation in relation to its employees and, therefore, is an employer within the meaning of § 3(d) of the Act, 29 U.S.C. § 203(d).

III

At all times hereinafter mentioned:

A.      Defendants engaged in related activities performed either through unified operation or common control for a common business purpose, constitute enterprises within the meaning of § 3(r) of the Act, 29 U.S.C. § 203(r); and

2

B.      Such enterprises, employing employees engaged in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce; and having an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated), constitute enterprises engaged in commerce or in the production of goods for commerce, within the meaning of § 3(s)(1)(A) of the Act, 29 U.S.C. § 203(s)(1)(A).

IV

Since March 6, 2010, Defendants repeatedly and willfully violated the provisions of §§ 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by failing to pay employees, who are employed in an enterprise engaged in commerce or in the production of goods for commerce, the applicable minimum hourly rate.  Specifically, Defendants engaged in pay practices that involved systematically failing to pay employees the appropriate minimum wage, while requiring employees to falsify time records.  Defendants failed to pay wait staff any wages.

V

Since March 6, 2010, Defendants repeatedly and willfully violated the provisions of §§ 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating such employees for their employment in excess of such hours at rates not less than one and one-half times the regular rates at which they were employed.  Specifically, Defendants knowingly failed to compensate employees for hours

3

worked in excess of 40 hours per week and falsified records to indicate that employees worked no more than 40 hours per week.

VI

Since March 6, 2010, Defendants, employers subject to the provisions of the Act, repeatedly violated the provisions of §§ 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and Regulations found at 29 C.F.R. § 516 by failing to make, keep and preserve adequate and accurate records of the persons employed and of the wages, hours and other conditions and practices of employment maintained by them, as prescribed in the aforesaid Regulations.  Defendants maintained records of hours worked that were specifically created to give the false impression that employees worked 40 hours per week or less.

VII

WHEREFORE, cause having been shown, Plaintiff prays for Judgment pursuant to § 17 of the Act, 29 U.S.C. § 217, permanently enjoining Defendants, their officers, agents, servants, employees and all persons in active concert or participation with them from violating the provisions of §§ 6(a), 7(a), and 11(c) of the Act, and pursuant to § 16(c) of the Act, 29 U.S.C. § 216(c), awarding back wages for a period of three (3) years prior to the commencement of this action and an additional equal amount as liquidated damages to employees (as named in Appendix "A" attached hereto and made a part hereof and such other employees as hereafter may be identified and named prior to or at trial); and for such other and further relief as may be necessary and appropriate, including interest on such back wages at the underpayment rate established by the Secretary of the Treasury, pursuant to 26 U.S.C. § 6621, from the date they became due until paid, and costs of this action.

4

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
 (404) 302-5435
 (404) 302-5438 (FAX)
ATL.FEDCOURT@dol.gov (Primary)
abreu.jean.c@dol.gov
walter.robert@dol.gov
donaldson.angela@dol.gov


SOL Case No. 13-01019

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT L. WALTER
Counsel

*/s/ Jean C. Abreu*
JEAN C. ABREU
Trial Attorney


Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff.