UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | |
|---|---|
| THOMAS PEREZ,<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 4:14-CV-046 |
| LA NOPALERA MEXICAN RESTAURANT<br>#9, INC.; JAVIER VALENCIA, an individual;<br>and FRANCISCO ESPINOZA, an individual, | )<br>)<br>)<br>) |
| Defendants. | )<br>) |

**CONSENT JUDGMENT**

This cause came on for consideration upon the parties' consent to the entry of this Judgment, without further contest.

It is, therefore ORDERED, ADJUDGED and DECREED that Defendants are permanently enjoined from violating the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following manners:

1. They shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for commerce, or who is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, wages at a rate less than the applicable minimum hourly rate prescribed by said Section 6 as now in effect or which hereafter may be made applicable by amendment thereto. The forgoing requirement shall not apply to

employees that are exempt from receiving minimum wage pursuant to Sections 6 and/or 13 of the Act, 29 U.S.C. §§ 206 and 213.

2. They shall not, contrary to Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2) and the implementing regulations regarding overtime pay at the Code of Federal Regulations Title 29 (Labor) Part 778 (Overtime Compensation), employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for more than 40 hours in a workweek unless such employee is compensated for such hours in excess of 40 at an overtime rate of at least one and one-half times the regular rate at which such employee is employed. The forgoing requirement shall not apply to employees that are exempt from receiving overtime compensation pursuant to Sections 7 and/or 13 of the Act, 29 U.S.C. §§ 207 and 213.

3. They shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), fail to make, keep and preserve adequate and accurate employment records as prescribed by Regulation found at 29 C.F.R. § 516.

IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff shall recover from Defendants back wages in the total amount of $17,230.37, plus liquidated damages of $17,230.37, totaling $$34,460.74 for the periods of employment and in the back wages and liquidated damages amounts set forth in Exhibit "A" attached hereto.

To comply with this provision of this Judgment, Defendants shall deliver to the Plaintiff separate cashier's or certified checks, or money orders payable to "Wage and Hour Division--Labor" in six (6) monthly installments, with the first payment of $5,743.49 due within 30 days after the court approves this Judgment and the five (5) subsequent payments of

$5,743.45 each due every 30 days thereafter until paid in full. Payments shall be mailed to: Regional Administrator, Wage and Hour Division, 61 Forsyth Street SW, Room 7M40, Atlanta, GA 30303. A payment shall be deemed in default if it is not received within 30 days after each monthly installment is due. Defendants shall be permitted to accelerate the payment of the back wages and liquidated damages in their sole discretion at any time and avoid the payment of any remaining interest payments.

Plaintiff shall distribute the proceeds of such checks, less deductions for federal income taxes and employee contributions to F.I.C.A., as required by law, to the named employees, or to their personal representatives, and any amounts not so distributed by the Plaintiff within the period of three (3) years after date of this Judgment, because of inability to locate the proper persons or because of such persons' refusals to accept such sums, shall be deposited into the Treasury of the United States as miscellaneous receipts.

It is FURTHER ORDERED that in the event of default by the Defendants in the payment of any of the above-recited installments, the total balance then remaining unpaid shall become due and payable immediately, with no further notice or demand required, and post judgment interest shall be assessed against such remaining unpaid balance, in accordance with 28 U.S.C. § 1961, from the date hereof until paid in full.

It is FURTHER ORDERED that the court shall retain jurisdiction for purposes of enforcing compliance with the terms of this Judgment.

It is FURTHER ORDERED that each party shall bear their own attorney's fees and expenses incurred in connection with any stage of this case, including but not limited to, attorney's fees which may be available under the Equal Access to Justice Act, as amended.

SO ORDERED this _____ day of _____, 2015.

_____
UNITED STATES DISTRICT JUDGE

| Defendants consent to entry of the foregoing Judgment: | Plaintiff moves entry of the foregoing Judgment: |
|---|---|
| *signature*<br>JAVIER VALENCIA<br>Defendant | M. PATRICIA SMITH<br>Solicitor of Labor |
| *signature*<br>FRANCISCO ESPINOZA<br>Defendant | STANLEY E. KEEN<br>Regional Solicitor |
| | ROBERT L. WALTER<br>Counsel |
| *signature*<br>LA NOPALERA MEXICAN<br>RESTAURANT #9, INC. | ANGELA F. DONALDSON<br>Senior Trial Attorney |
| By: *signature*<br>JOANN M. BRICKER, P.A.<br>Attorney for Defendant | By: *signature*<br>JEAN C. ABREU<br>Attorney |
| Joann M. Bricker, P.A.<br>135 Pelican Pointe Road<br>Ponte Vedra, Florida 32081<br>Telephone: (904) 342-2417<br>jbricker-employlaw@comcast.net | Office of the Solicitor<br>U. S. Department of Labor<br>61 Forsyth Street, S.W.<br>Room 7T10<br>Atlanta, GA 30303<br>Telephone: (404) 302-5435<br>FAX: (404) 302-5438 |

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing executed Consent Judgment was filed with the Southern District of Georgia using their CM/ECF system this 23rd day of February, 2015 and served via electronic mail to:

>Joann M. Bricker, P.A.
>135 Pelican Pointe Road
>Ponte Vedra, Florida 32081
>Jbricker-employlaw@comcast.net

>*s/ Jean C. Abreu*
>JEAN C. ABREU
>Trial Attorney

Office of the Solicitor
U.S. Department of Labor
61 Forsyth Street, S.W., Suite 7T10
Atlanta, GA  30303
(404) 302-5435
(404) 302-5438 (FAX)
donaldson.angela@dol.gov